**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MICHAEL KEVIN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00472-WTL-TAB |
| | ) | |
| DREW  ADAMS, | ) | |
| CHRISTINA  KLINEMAN Judge, | ) | |
| INDIANA PUBLIC DEFENDER OFFICE, | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, | ) | |
| MARION CO. JAIL, | ) | |
| MARION CO. ARRESTEE PROCESSING | ) | |
| CENTER, | ) | |
| MARION SUPERIOR COURT Criminal | ) | |
| Division 17, | ) | |
| MARION CO. JAIL I, | ) | |
| RYAN  O'CONNELL, | ) | |
| PAROLE DISTRICT, | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, RDC, | ) | |
| ZACHARY TODD ROSENBARGER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Michael Kevin Johnson, an Indiana inmate, brings this action pursuant to 42

U.S.C. § 1983 alleging various deprivations of his civil rights.[1]

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This

statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a

---

[1] The **clerk shall update the docket to** reflect the plaintiff's address as identified in the distribution of this Entry.
The plaintiff is **reminded** of his responsibility to keep the Court notified of changes to his address.

complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Based on the foregoing screening one claim will proceed while the other claims will be dismissed.

Mr. Johnson alleges that an unidentified sheriff assaulted him while he was in court. **That claim shall proceed, but only to the following extent**: the inclusion of unknown or unidentified individuals as defendants is often problematic because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). For the action to develop further requires that this defendant be identified. Once identified, he can be substituted as a defendant and served with process. To facilitate the foregoing, the current Sheriff of Marion County, in his official capacity, **shall be added as a defendant solely for the purpose of responding to discovery regarding the identities of the unidentified sheriff deputy**. After the Sheriff has entered an appearance, the plaintiff shall have 60 days in which to complete discovery regarding the identities of the unnamed sheriff and to seek substitution.

To the extent Mr. Johnson challenges the revocation of his parole, and therefore the fact of his confinement, his claims are barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Blackmon v. Hamblin*, 436 F. App'x 632, 633 (7th Cir. 2011) ("Nor may a prisoner use § 1983 to obtain damages if success on the merits necessarily would imply the invalidity of the revocation of his parole."); *Pickens v. Moore*, 806 F. Supp. 2d 1070, 1074 (N.D. Ill. 2011) ("Both as a matter of logic and precedent, *Heck* applies equally to challenges to revocation of

parole.") (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000)). *Heck* provides that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. Any claim based on the revocation of his parole is therefore **dismissed**.

All claims against the Marion County Jail, Marion County Processing Center, Marion County Jail I, Parole District, and the Marion Superior Court are **dismissed** because these defendants are not suable entities. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Any claim against Drew Adams is **dismissed** because this defendant is not mentioned in the body of the complaint. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Next, any claim against Judge Christina Klineman must be **dismissed** based on this defendant's absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

In addition, any § 1983 claim against Indiana Public Defender Office and Ryan O'Connell must be **dismissed**. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case).

Any claim against the Indiana Department of Correction ("DOC") must also be **dismissed** because (1) the DOC is not a "person" subject to suit pursuant to that statute, and (2) the DOC cannot be sued in federal court because of Indiana's Eleventh Amendment immunity. *Omosegbon*

*v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

Any claim against prosecutor Zachary Todd Rosenbarger must be **dismissed**. Mr. Johnson claims is that this defendant was observed the alleged assault and did nothing nor reported this wrongful doing. It is well settled that prosecutors are entitled to absolute immunity for determining whether charges should be brought and initiating prosecution. *Lewis v. Mills,* 677 F.3d 324, 330 (7th Cir. 2012).

In summary, the plaintiff's complaint has stated a viable claim that he was subjected to excessive force but fails to identify the defendant who exhibited that force. Accordingly, the Sheriff of Marion County shall be **substituted** in his official capacity for the sole purpose of conducting discovery to determine the identity of the sheriff deputy. All other claims are **dismissed**.

**IT IS SO ORDERED.**

Date: 6/19/15

Distribution:

Michael K. Johnson, 973475
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914

Marion County Sheriff
40 S. Alabama St.
Indianapolis, IN 46204

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**