UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL KEVIN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00472-WTL-TAB |
| | ) |
| WILLIAM ENNIS, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Michael Kevin Johnson brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Deputy Sherriff William Ennis used excessive force against him. Ennis moves for summary judgment arguing that Johnson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Johnson has responded and Ennis has replied. For the following reasons, Ennis's motion for summary judgment [dkt 39] is **granted**.

**I. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a

genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. Facts

On October 14, 2015, Johnson was charged with a number of crimes and held at the Marion County Jail[1] while the criminal case against him was pending. A bail review hearing took place on October 29, 2015, in Marion County Court. Johnson alleges that Ennis assaulted him at that hearing. The trial court's docket entry for October 29, 2014, states that the hearing was continued because the Johnson "failed to cooperate with the court." Johnson was still an inmate at the Marion County Jail when he filed this lawsuit.

At the time of Johnson's allegations, the Marion County Jail had a grievance process. The process is described in the inmate handbook, which all inmates, including Johnson, receive when they arrive at the Jail.

Under the grievance procedure at the Jail, "[an] informal grievance must be completed before a formal grievance may begin." Inmates must file an informal grievance "within forty-eight (48) hours of the incident on an informal grievance form, which may be requested from the mailroom staff." "An informal grievance form may be submitted to mailroom staff . . . [and] Mailroom staff will deliver the informal grievance to the Grievance Deputy." Written resolutions of informal grievances are delivered to inmates within 15 days of the Grievance Deputy's receipt of informal grievances. Inmates may then file a formal grievance within 48 hours of receiving a

---

[1] Johnson was being held at the Marion County Jail at the time of the incident and was transferred to the Marion County Jail II three weeks later, on November 19, 2014.

written resolution of an informal grievance. Written resolutions of formal grievances are delivered to inmates within 15 days of the Grievance Deputy's receipt of formal grievances.

Inmates may then appeal the decision of the Grievance Deputy by filing a letter or message card with the Jail Commander or his designee. The inmate handbook notifies inmates that they "are required to exhaust all administrative remedies before filing law suits." Following the alleged incident in court with Deputy Ennis, there is no record that Johnson filed any informal grievances, formal grievances, a grievance appeal, or any emergency grievance as required by the Sheriff's grievance process for detainees held at the Jail.

### III. Discussion

The defendants argue that, by failing to file a grievance with respect to the allegations in the complaint, Johnson failed to exhaust his available administrative remedies.

Johnson argues that because the alleged incident happened in Marion County Court, and not the Jail, he is not required under the PLRA to exhaust his administrative remedies. The PLRA provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e. Johnson's argument is, essentially, that because he was not actually at the Jail at the time of the incident, his case is not about "prison conditions" and therefore the PLRA does not apply. Congress defined the term "civil action with respect to prison conditions" in another section of the PLRA, 18 U.S.C. § 3626(g)(2). *See Booth v. Churner*, 206 F.3d 289, 294 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001) (citing *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999)). That statute defines the term "civil action with respect to prison conditions" as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus

proceedings challenging the fact or duration of confinement in prison" 18 U.S.C.A. § 3626(g)(2). Johnson was undoubtedly a prisoner at the time of the incident alleged and when he filed his complaint. *See* 42 U.S.C. § 3626 (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ."). While he was transferred from the Jail to the Court, he remained in the custody of the Jail. The alleged use of force therefore qualifies as a condition of his confinement. The simple fact that he was not at the Jail at the time did not change his custody status. Further, Johnson's claim is based on "actions by government officials on the li[fe] of [a person] confined in prison." The PLRA therefore applies and he was required to exhaust his available administrative remedies.

Johnson also argues that, after the alleged use of force, he submitted an inmate card for help for medical attention and that the incident was investigated at the Jail. Johnson also makes a number of arguments related to the proceedings that took place in Marion County Court on the date at issue. But these are irrelevant to the question of whether he exhausted his available administrative remedies and therefore will not be addressed here.

### IV. Conclusion

In short, the defendant has shown that Johnson failed to exhaust his available administrative remedies and Johnson has failed to show that those remedies were somehow unavailable to him. Accordingly, the motion for summary judgment [dkt 39] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/29/16

Distribution:

Michael Johnson
7291 Eagle Lake Circle
Indianapolis, IN 46254

All electronically registered counsel